UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON STOLL,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00751<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JASON STOLL ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Nappanee, Indiana, which is located within the Northern District of Indiana.

5. Defendant is a third-party debt collector that "provides revenue recovery services."[1] Defendant is a corporation organized under the laws of the state of Maryland, with its registered agent located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614. Defendant regularly engages in collection activities in several different states, including the state of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff recently reviewed his Experian credit report and discovered an entry bearing Defendant's name, which was reporting in an active collection status a delinquent consumer apartment debt originally incurred to Zidan Management Group ("subject debt"), as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| HUNTER WARFIELD | | | 08/2014 | |
| 4620 WOODLAND CORPORATE BLVD TAMPA, FL 33614 813 283 4500 Address identification number 0763090218 Original creditor ZIDAN MANAGEMENT GROUP | Type Collection Terms 1 Months On record until Apr 2021 | $3,995 as of 07/11/2020 Credit limit or original amount $2,727 High balance $0 Monthly payment $0 Recent payment amount $0 | Date of status 08/2014 First reported 12/2014 Responsibility Individual | Collection account. $3,995 past due as of Jul 2020. |

Experian - Access your credit report

---

[1] https://www.hunterwarfield.com/about.aspx

8. Plaintiff's Experian credit report, which was updated by Defendant on July 11, 2020, also reflected that the subject debt would remain on Plaintiff's credit record through April 2021. Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency of the underlying debt, the subject debt fell into delinquency beginning in or around April 2014. *See* 15 U.S.C. § 1681c.

9. Plaintiff did not immediately recognize the subject debt appearing on his credit report, so on or around July 21, 2020, Plaintiff accessed Defendant's website to ascertain additional information.

10. Upon inputting his personal information on Defendant's website ("payment portal"), Plaintiff was directed to his account information and was asked to make payment.

11. On the payment portal, Defendant listed a balance of $4,001.62, and attempted to collect the subject debt from Plaintiff by, *inter alia*: (i) stating "This is an attempt to collect a debt. Any information obtained will be used for that purpose."; and (ii) providing a platform for Plaintiff to make an online payment towards the balance of the subject debt.

12. The applicable Indiana statute of limitations for the subject debt states, in relevant part:

> An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues. *See* I.C. § 34-11-2-9.

13. Accordingly, given the applicable six (6) year Indiana statute of limitations and the fact that the subject debt fell into delinquency beginning in or around April 2014, as of July 21, 2020, the date in which Plaintiff accessed his credit report and Defendant's website, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

3

14. Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's website did Defendant disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue him to collect it.

15. Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's website did Defendant disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.

16. As of July 21, 2020, the subject debt was reporting as past due on Plaintiff's credit report in an active collection status, having last been updated by Defendant on July 11, 2020.

17. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

18. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to him on Defendant's website.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

20. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt." Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> (2) The false representation of -- (A) the character, amount, or legal status of any debt;

---

[2] http://www.acainternational.org/search#memberdirectory

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff via its website by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

30. Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

31. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that he would waive his rights and affirmative defenses under the law by making a payment.

32. Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to him via its website, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

33. As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

34. Defendant had an obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

### b. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f through its unfair efforts to collect upon the subject debt. Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue him to collect. Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause him unwarranted financial harm by restarting the applicable statute of limitations.

37. As set forth in paragraphs 18 through 21, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JASON STOLL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

7

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Awarding any other relief as this Honorable Court deems just and appropriate

DATED this 8th day of September, 2020.　　　　Respectfully Submitted,

                                                */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Jason Stoll*